# IN THE UNITED STATES BANKRUPTCY COURT
# OR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In the Matter of:<br>ROLANDO A ALBARRACIN<br>ZULMA GOMEZ RIVERA<br>Debtor(s) | Case No.: 11-02119 (**ESL**) |
| FIRST LEASING & RENTAL CORPORATION<br>Movant | CHAPTER 13 |
| ROLANDO A ALBARRACIN<br>ZULMA GOMEZ RIVERA<br>Alejandro Oliveras Rivera<br>Respondents | |

### ENTRY OF ORDER TO DEEM A LEASE ON PERSONAL PROPERTY REJECTED

TO THE HONORABLE COURT:

Comes now **FIRST LEASING & RENTAL CORPORATION** through its undersigned counsel and respectfully alleges and prays:

**I.    INTRODUCTION**

1-    That this Honorable Court has jurisdiction to entertain the instant contested matter pursuant to 11 USC §362, 28 USC §157 et seq., and Rules 7000 and 9014.

2-    Debtor(s) filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on March 14, 2011, which operates as a stay, applicable to all entities, of… (2) any act to create, perfect, or enforced any lien against property of the estate…(6) to collect, assess, or recover a claim against the Debtor that arose before the commencement of the case under this title… 11 USC §301 and 11 USC §362.

3- Movant filed a Proof of Claim to a personal property lease in the amount of $12,481.26, dated March 28, 2011. Movant is the lessor to a personal property consisting in an automobile duly registered at the Department of Transportation of Puerto Rico in its behalf (*acc no 3904*) *Clm. Reg. 1-1*

4- The 341 meeting for the present case was continued to May 26, 2010 at 8:00am. The proposed plan dated March 7, 2011 did not provide for the assumption of the Lease Agreement. Thus, by her own acts debtor(s) has shown that the property at stay is not essential for their reorganization in bankruptcy. *Bkcy dck no. 2 and 10*

## II. LEGAL BACKGROUND

Bankruptcy L Rule 9013-2 (a) specifically provides that except as provided in subsection (b) of this LBR, any motion or response thereto must be accompanied by supporting memorandum that contains the points and authorities in support of the party's position, together with any affidavits or documents in support thereof.

5- Section 362(a)(3) stays all actions, whether judicial or private, that seek to obtain possession of the property of the estate or of property from the estate or to exercise control over property of the estate:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303, of this title, or an application filed under section 5(a)(3) of the Security Investor Protection Act of 1970, <u>operates as a stay</u>, applicable to all entities, of- (3) <u>any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate</u>; ... (The Bankruptcy Amendments and Federal Judgment and Federal Judgeship Act of 1984, Pub L No 98-353 (1984), added to 11 USC §362(a)(3) the words "or to exercise control over property of the estate". *COLLIER ON BANKRUPTCY, Acts to Obtain Possession of Property of the Estate or Property from the Estate; §362(a)(3)*

6- Paragraph (3) stays any act to obtain possession of property of the estate (*that is property of the debtor as of the date of the filing of the petition*) and form the estate (*property over which the estate has control or possession*). The purpose of this provision is to prevent dismemberment of the estate. Liquidation must proceed in an orderly fashion. Any distribution of property must be by the trustee after he has had the opportunity to familiarize himself with the various rights and interests involved and with the property available for distribution. *Legislative History to Section 362*

7-   Subsection (c) governs automatic termination of the stay. Subsection (d) though (g) govern termination of the stay by court on the request of a party in interest. Subsection (d) requires the court, on request of a party in interest, to grant a relief from the stay, for cause. The lack of adequate protection of an interest in property of the party requesting relief for the stay is one cause for the relief, *but is not the only cause.* As noted the desire to proceed in another tribunal may provide another cause. Other causes might include lack of any connection with or interference with the pending case….the facts of each request will determine whether relief is appropriate under the circumstances. *[House Report No. 95-595, 95th Cong 1st Sess. 343-4 (1977); cf. Senate Report No 95-989, 95th Cong., 2nd Sess. 52-3(1978)]*

8-   Executory contracts and leases are considered a form of property of the estate. As property of the estate, the debtor's interests in such contracts or leases are protected against termination of other interference that would have the effect of removing or hindering the debtor's right in violation of section 362(a)(3). *11 USC §362(b)(22)-(23), added by Pub L No 109-8 (2005), effective in cases commenced on or after October 17, 2005.* A common example is a lease of a real property. Clearly, after the commencement of the case, of a debtor who is a lessee would be stayed under section 362(a)(3), unless it lease if one of nonresidential real property that terminated by expiration of its stated term, in which case the exception to the automatic stay set forth in section 362(b)(10) would apply:

> 362(b)(10) under subsection (a) of this section, of any act by a lessor to the debtor under the lease of nonresidential lease real property <u>that has terminated by the expiration of the stated term of the lease before the commencement of or during the case</u> under this title to obtain possession of such property. *COLLIER ON BANKRUTPCY; Executory Contracts and Leases*

9-   Section 362(b)(10) provides that the automatic stay of section 362(a) does not apply to a lessor's efforts to retake nonresidential real property after the expiration of the stated term of a lease of nonresidential real estate.

10-   Section 541(b) provides as well that the interest of the debtor under such lease does not become property of the estate if the stated term expired before the commencement of the case and ceases to be property of the estate upon expiration of the stated term after the commencement of the case. *Id*

11-   Pertaining to personal property leases, Title 11 USC §365(p)(1) provides that If a lease of personal property is rejected or not timely assumed by the trustee under subsection (d), the leased property is no longer property of the estate and the stay under section 362(a) is automatically terminated. This new sub

paragraph (p) (1) under Section 365 was added to provide that a lease of personal property that is rejected or not assumed is no longer property of the estate, and that the stay under section 362(a) is automatically terminated.

### III. ALLEGATIONS.

Movant Contention is that –

12- Section 362(a)(3) stays all actions, whether judicial or private, that seek to obtain possession of the property of the estate or of property from the estate or to exercise control over property of the estate.

13- Paragraph (3) stays any act to obtain possession of property of the estate (*that is property of the debtor as of the date of the filing of the petition*) and form the estate (*property over which the estate has control or possession*). The purpose of this provision is to prevent dismemberment of the estate. *Legislative History to Section 362*

14- Executory contracts and leases are considered a form of property of the estate. As property of the estate, the debtor's interests in such contracts or leases are protected against termination of other interference that would have the effect of removing or hindering the debtor's right in violation of section 362(a)(3). *11 USC §362(b)(22)-(23), added by Pub L No 109-8 (2005), effective in cases commenced on or after October 17, 2005.*

15- *New sub paragraph (p) (1) under Section 365 was added to provide that a lease of personal property that is rejected or not assumed is no longer property of the estate, and that the stay under section 362(a) is automatically terminated.* *Norton, Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 Special Edition with Analysis*

16- As of to May 3, 2011 the debtor's has not assume the lease to a personal property consisting is a 2007 Dodge Nitro with an outstanding debt of $$12,481.26.

17- The lease of the personal property under this contract was not assumed under the propose plan dated March 7, 2011; therefore, under 11 USC §365 (p) it should be deem rejected and not part of the estate.

### IV. PLEA.

WHEREFORE, and in view of the aforesaid, FIRST LEASING & RENTAL CORPORATION respectfully requests from this Honorable Court the entry of an order for the lease to be deemed rejected.

## RESPONSE TIME NOTICE

Within ten (10) days after service as evidenced by the certification, and additional three (3) days pursuant to Fed. R. Bankr. P. 9006 (f) if you were served by mail, any party against whom this paper has been served, or any party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's Office Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**Rule 9013-1 (h)**

## CERTIFICATE OF SERVICE

I hereby certify that on this same date the corresponding fees to file this instant contested matter were paid, a true and correct copy of the present motion and of the notice of this hearing under Title 11 USC §362, was served by regular mail to Atty. Alejandro Oliveras Rivera, Chapter 13 - US Trustee, and by certified mail to the Attorney for Debtors at the address on record, José M Prieto Carballo, at JCP Law Offices, PO Box 363565, San Juan, Puerto Rico 00936-3565, to the Debtor(s) at the address on record, Rolando A Albarracin & Zulma Gomez Rivera, at P O Box 5297, Caguas, Puerto Rico 00726, and to all the Creditors disclosed under the List of Creditors.

In San Juan, Puerto Rico, the 3rd day of May, 2011.

BY: //s// María M. Benabe Rivera
**MARIA M. BENABE-RIVERA**
Attorney for Movant - US - DC 208906
Maristella Sánchez Rodriguez–US–DC 224714
P. O. Box 9146, Santurce, P. R. 00908-0146
Tel. (787) 729-8135  Fax (787) 729-8276
maria.benabe@firstbankpr.com

[Rev. 04/12/2011]